18812.   CROOK *v.* CROOK.

SUBMITTED JANUARY 10, 1955—DECIDED FEBRARY 17, 1955.

408

*Bell & Bell,* for plaintiff in error.

*Peebles & Burnside, Aubray J. Allen, Isaac S. Peebles, Jr.,* contra.

MOBLEY, Justice. Ordinarily, judgments for permanent alimony can not be changed, an exception thereto being where the judgment is by agreement between the parties and the agreement is incorporated in the decree. *Hardy* v. *Pennington,* 187 *Ga.* 523 (1) (1 S. E. 2d 667); *Chandler* v. *Chandler,* 204 *Ga.* 40 (1) (48 S. E. 2d 841).

There was no reservation incorporated in the present decree reserving the right in the trial judge to modify the same in the exercise of his discretion in accordance with the economic condition of the father. However, it is alleged that the father was advised at the time he entered into the agreement that the words, "all until the further order of the court," were inserted so he would have the opportunity to have the decree modified at any time upon a showing that his economic condition had changed to such an extent as to make it impossible for him to pay the alimony for the support of the children.

Paragraphs 1 to 4 inclusive of the decree deal with jurisdiction of the court and the grant of a divorce between the parties. Paragraph 5 fixes the amount of alimony that the father was required to pay for the support of the minor children. Paragraph 6 disposes of household furniture. Paragraph 7 states what credit should be allowed the father in the event one of the children went into the military service. Paragraph 8 declares: "The custody of the said two children is granted to the mother, Mrs. Rosa M. Crook, nevertheless the father, John Lee Crook, shall

have the right to visit these children wherever they might be, between the hours of ten o'clock a. m. and six o'clock p. m., all until the further order of the court, and on one Sunday afternoon out of each month hereafter, defendant shall have the privilege of having the children with him away from the mother and the mother's home, between the hours of 12:30 p. m. and 6 p. m. provided he notifies the plaintiff, the mother of the children, at least six hours in advance of the Sunday afternoon he so wants the children. This is conditioned upon the payments hereinabove provided not being in arrears, all until the further order of the court." The 9th and last paragraph refers to $75 which had been previously awarded as attorneys' fees, and ordered payment thereof.

Each paragraph of the decree is complete within itself. There is nothing in the decree which would authorize the conclusion that the words, "all until the further order of the court," which occur only in paragraph 8, were inserted for the purpose of reserving the right in the trial judge to modify the decree upon a showing that the father's economic condition had changed; and the father could not set up a prior or contemporaneous agreement, the effect of which would be to alter or modify its terms, where such agreement was not incorporated in the decree. *Estes* v. *Estes*, 192 *Ga.* 100 (14 S. E. 2d 680).

The fact that a judge of the superior court is empowered to take into consideration a change in the father's financial condition in determining whether or not he should be adjudged in contempt does not have the effect of empowering the judge to abrogate or modify the liability as fixed by the decree. *Banda* v. *Banda*, 192 *Ga.* 5 (14 S. E. 2d 479), and cases cited.

There is no allegation that the father complied with the requirement of the decree by giving the mother notice six hours in advance when he desired to have the children visit him, or that he paid the $22 per week awarded as alimony for support of the children until he was discharged by the railroad company.

Assuming but not conceding that the allegations that the mother was poisoning the minds of the children against the father were not mere conclusions, and that they would have been sufficient in a proper case to show that the mother by the conduct complained of acted any differently than she did before and at

the time of the rendition of the original decree—as to which see *Fuller* v. *Fuller*, 197 *Ga.* 719, 725 (2) (30 S. E. 2d 600)—the allegations of the present petition to modify, construed most strongly against the pleader as must be done in passing upon a general demurrer, were insufficient to set forth a cause of action for a change in custody based on a change of facts and circumstances, occurring since the date of the decree, which affected the interest and welfare of the children. To state it differently, assuming every material allegation of the father's petition to be true, the conclusion is inescapable that he is in no position to care for and safeguard his children, and that to award their custody to him would not be to their best interest.

Applying the foregoing principles, the trial judge did not err in sustaining the motion to strike in the nature of a general demurrer, on the ground that the petition as amended failed to set forth a cause of action for the relief sought.

*Judgment affirmed. All the Justices concur.*