### 24637. FIRST NATIONAL BANK OF ATLANTA et al. v. ROWLEY.

FRANKUM, Justice. 1. " 'Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed.' Constitution of Georgia, Art. VI, Sec. XVI, Par. III (*Code* § 2-4303) [now *Code Ann.* § 2-4903]. This is mandatory, and can not be altered by legislative enactment or any rule of construction. By this provision every suit in equity must be brought in the county where a defendant against whom substantial relief is prayed resides." *Bradley v. Burns*, 188 Ga. 434, 435 (4 SE2d 147). See also *Cox v. Strickland*, 120 Ga. 104 (3) (47 SE 912, 1 AC 870); *Danziger v. Shoob*, 203 Ga. 623, 626 (48 SE2d 92). This case is not one within any of the exceptions to the requirement that equity cases must be brought in the county of the residence of the defendant against whom substantial equitable relief is prayed.

2. *Code* § 53-405 conferring upon the "judge of the superior court of the county of the wife's domicile" authority to re-

move and appoint trustees of marriage settlement trusts does not authorize the filing of a suit to remove such trustees in any county other than the county of the trustees' residence. If that Code section is capable of being otherwise construed, it is in direct conflict with the provisions of the Constitution above referred to, and must yield to the Constitution which is the paramount law. Const., Art. I, Sec. IV, Par. II (*Code Ann.* § 2-8002).

3. Accordingly, in this case, where the petition to remove trustees was allegedly brought under the provisions of *Code* § 53-405, was addressed to "the Superior Court of McIntosh County, Georgia," prayed for process and service upon the defendants "as provided by law," was filed with the clerk of the court who issued process, which was served upon the defendants in Fulton County, and where the petition showed upon its face that both of the defendants named therein were residents of, and domiciled in, Fulton County, Georgia, it affirmatively appeared therefrom that the Superior Court of McIntosh County did not acquire jurisdiction of the defendants, and the trial court erred in overruling the defendants' pleas to the jurisdiction and their general demurrers to the petition which raised the issue of the jurisdiction of the court. The action having been commenced as an equitable suit against the defendant trustees, it could not be converted to a proceeding "at chambers" before the judge alone by the mere amendment of the petition to add to the original form of the address contained therein the words: "and to the Honorable Paul E. Caswell, Judge, thereof."

4. Anything said in the case of *Heath v. Miller*, 117 Ga. 854, 860 (44 SE 13), capable of being construed as authorizing the bringing of a suit to remove a trustee in a county other than the county of his residence is hereby expressly overruled.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1968—DECIDED JUNE 25, 1968.

*Jones, Bird & Howell, Frazer Durrett, Jr., Trammell E. Vickery, F. M. Bird, Jr., Harrison & Laseter, Robert W. Harrison, Jr.,* for appellants.

*Charles C. Stebbins, Jr., Jones & Kemp, Charles M. Jones,* for appellee.