24755. BUGDEN v. BUGDEN.

FRANKUM, Justice. Mary Jean C. Bugden brought an action against Cyril Maxwell Bugden in the Superior Court of Coweta County seeking a revision of an award of permanent alimony for the support of herself and the minor children of the parties made in a decree which granted a divorce between the parties to this case in Fulton Superior Court. After the decree of divorce and award of alimony became final the defendant changed his residence from Fulton County to Coweta County and was a resident of Coweta County when the suit was filed. The trial court dismissed the suit upon the de-

518

fendant's motion in the nature of a plea to the jurisdiction on the ground that venue of the action lay in Fulton Superior Court pursuant to the provisions of the Act approved March 9, 1955 (Ga. L. 1955, pp. 630, 631; *Code Ann.* § 30-220). Such an action is not a divorce case but is "a new and distinct action separate from the original divorce action" in which the alimony was awarded. *Davis v. Davis,* 218 Ga. 250, 254 (127 SE2d 296); *Mullins v. Mullins,* 219 Ga. 816, 818 (136 SE2d 379); *Slowik v. Knorr,* 222 Ga. 669, 672 (151 SE2d 726). Being a separate and independent suit, it is subject to the Constitutional provisions respecting venue just as any other civil case, and the provisions of the Georgia Constitution, Art. VI, Sec. XIII, Par. VI (*Code Ann.* § 2-4906) fixing the venue in the county where the defendant resides, is controlling as to the venue of this case and should have been applied by the court notwithstanding that no attack on the constitutionality of the Act as a whole or that portion of the 1955 Act providing that "Such petition shall be filed in the same county in which the original judgment was granted," was made. "Where there is a variance between an Act of the General Assembly and a Constitutional provision, the Constitutional provision prevails." *Whitman v. State,* 96 Ga. App. 730, 732 (101 SE2d 621). And see *Copeland v. Wohlwender,* 197 Ga. 782, 787 (4) (30 SE2d 462); and *First Nat. Bank of Atlanta v. Rowley,* 224 Ga. 440 (2) (162 SE2d 294). It follows that the trial court erred in sustaining the defendant's motion and in dismissing the suit.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 8, 1968—DECIDED JULY 16, 1968.

*Archer, Patrick & Sidener, James H. Archer, Jr.,* for appellant. *J. E. Wilson,* for appellee.