25627. DUNCAN, nee Medlin v. MEDLIN.

FELTON, Justice. In the full bench decision of *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719), this court ruled unconstitutional the provision of Ga. L. 1955, pp. 630, 631, codified as *Code Ann.* § 30-220, that venue of an action to revise a judgment for permanent alimony is in the same county in which the original judgment was granted, holding that, under the Georgia Constitution, the venue is in the county where the defendant resides.

The General Assembly subsequently enacted Ga. L. 1969, p. 98 (*Code Ann.* § 30-225.1 (1)), providing as follows: "So long as a husband against whom is rendered a permanent alimony judgment remains or is domiciled in this State, the exclusive procedure for the modification of such judgment shall be by a proceeding instituted for such purposes *in the court of this State which granted the original judgment.*" (Emphasis supplied.)

" 'Where there is a variance between an Act of the General Assembly and a Constiutional provision, the Constitutional provision prevails.' " *Bugden v. Bugden,* supra, p. 518 and cit. Therefore, the venue provision of *Code Ann.* § 30-225.1 (1), which is the same as that in *Code Ann.* § 30-220, is likewise unconstitutional for the reason pointed out in the *Bugden* case.

Accordingly, the Superior Court of Cobb County erred in its judgment granting the motion to dismiss of the defendant resident of Cobb County in this action to revise a judgment for permanent alimony granted in Cherokee County.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 13, 1970—DECIDED FEBRUARY 5, 1970.

*L. S. Cobb, Doyle C. Brown, Ralph D. Vaughn,* for appellant.