### 27018.   McGUIRE v. McGUIRE.

ALMAND, Chief Justice. The controlling question to be answered here is: can a Georgia court modify a final decree of a court of a foreign State which awards permanent alimony for support of minor children?

The undisputed facts as appear from the pleadings are: Ruth C. McGuire, the appellee, filed her complaint against John P. McGuire, the appellant, in Glynn Supe-

rior Court. She alleged that both parties were residents of Georgia, but that while they were residents of Florida a final divorce decree was granted to the parties by a named circuit court in the County of Clay, State of Florida, on October 20, 1960.

Based upon an agreement of the parties, the appellant was ordered to pay the appellee the sum of $100 per month for the support of their two minor children, said sum "to be paid until such time as such child or children reach their majority or are married, or become self supporting, whichever occurs first." The decree contained the following provision: "That this court retains jurisdiction over the parties hereto for the purpose of entering such further orders and decrees as may be necessary from time to time concerning the care, custody and control and support of the two minor children of the parties hereto."

In her complaint, appellee alleged that since the grant of the decree "necessary costs of support of said children have increased tremendously as a result of medical attention, educational requirements, and general increase in cost of living since 1960," and that appellant was "employed by the United States Government as an Agent for the Federal Bureau of Investigation and has since 1960 advanced in pay levels and enjoyed numerous Federal wage increases, resulting in a substantial increase of his financial condition over this period with a present annual income of approximately $16,000 to $18,000." Appellee asserted that the court had jurisdiction by reason of Georgia Laws 1955, page 630, relating to the modification of alimony awards for child support in divorce cases.

The prayers were that the Florida divorce and support decree be modified so as to require the appellant to pay the sum of $300 instead of $100 per month for the support of the children.

In his response, the appellant moved to dismiss the complaint on the grounds (a) that the court was without jurisdiction of the subject matter; (b) that the complaint failed to state a claim upon which relief could be grant-

ed, and (c) that the matter involved was res judicata.

This motion to dismiss was overruled and the appeal (certified for review) from this order brings the case here.

The Florida decree is sought to be be modified by the appellee under the provisions of Ga. L. 1955, p. 630 (*Code Ann.* §§ 30-220, 30-223), as amended by Ga. L. 1969, p. 98 (*Code Ann.* § 30-225 (1)).

The original 1955 Act provided: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband. Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted." The provision that the petition for modification "be filed in the same county in which the original judgment was granted," was subsequently held unconstitutional in that it violated the venue provision of the 1945 Constitution (*Code Ann.* § 2-4906). *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719).

Subsequent to the *Bugden* decision the General Assembly amended the 1955 Act as follows: "(1) So long as a husband against whom is rendered a permanent alimony judgment remains or is domiciled in this State, the exclusive procedure for the modification of such judgment shall be by a proceeding instituted for such purposes in the court of this State which granted the original judgment. (2) No judgment of any other State or foreign jurisdiction by which it is attempted to modify a Georgia judgment awarding permanent alimony for the support of a wife, or child or children, or both, will be recognized or enforced by the courts of this State. (3) This law . . . shall apply to all judgments for permanent alimony for the support of a wife, or child or children, or both, rendered subsequent to March 9, 1955." The provision as to venue in Section 1 was later held unconstitutional

for the same reason as in the *Bugden* case, supra. *Duncan v. Medlin,* 226 Ga. 118 (172 SE2d 672).

The 1969 amendment to the 1955 Act apparently was motivated by the decision of the Court of Appeals in the case of *Connell v. Connell,* 119 Ga. App. 485 (167 SE2d 686), wherein the wife had obtained a final divorce and support decree in a Georgia court. After moving to South Carolina, she filed a petition for a modification of the Georgia decree as to child support, and the husband was served and appeared at the hearing. After the court granted a modification, the wife filed a suit against the husband in a Georgia court to enforce the South Carolina decree, and the Court of Appeals held that, under the full faith and credit clause of the Federal Constitution, the South Carolina decree was of force in Georgia.

The decision of the Court of Appeals was handed down on February 26, 1969, and the 1969 amendment to the 1955 Act was approved on March 17, 1969.

Under repeated rulings of this court prior to the 1955 Act, a court of Georgia could not revise or modify a final decree awarding permanent alimony, unless (a) there was no jury trial, (b) the parties had by agreement disposed of the question of alimony, and (c) the power to change or modify the decree was reserved to the court by consent of the parties. *Fricks v. Fricks,* 215 Ga. 137 (1) (109 SE2d 596); *Crook v. Crook,* 211 Ga. 406 (86 SE2d 223); *Gilbert v. Gilbert,* 151 Ga. 520 (107 SE 490).

*Code* § 102-102 (9) provides that the courts in all interpretations of statutes shall look diligently for the intention of the General Assembly, "keeping in view at all times, the old law, the evil and the remedy." As this court said in *Swan v. State of Ga.* 29 Ga. 616, 621: "To ascertain the intention of the legislature, after examining the words of the Act itself, it is necessary to take into view every fact and circumstance that influenced its passage. We must consider what the law was before; the mischiefs against which the law did not provide; the nature of the remedy proposed; the true reason of the remedy."

It is apparent that the 1955 Act was passed to give parties to a Georgia divorce decree statutory power to seek modification of the provisions of the decree relating to permanent alimony support, on petition of either party. It was the purpose and intent of the General Assembly in the passage of the 1955 Act to remedy the "evil" (the rulings of the Supreme Court as to the modification of Georgia divorce decrees as to permanent alimony) so as to allow by statute the modification of final decrees in Georgia courts.

The instant proceedings being expressly based on the 1955 Act and such Act applying only to the modification of Georgia final decrees as to permanent alimony, and the instant petition seeking a modification of a final Florida decree, the court should have sustained the motion to dismiss the complaint.

*Judgment reversed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972.

*J. S. Hutto & Associates, Eugene Highsmith,* for appellant.

*Reed W. Harris, Marvin L. Pipkin,* for appellee.

GUNTER, Justice, dissenting. I am of the opinion that a Georgia trial court, having jurisdiction of the divorced parents and the minor children of the marriage, can modify a final decree of a court of a foreign State with respect to permanent alimony for the support of minor children contained in the foreign decree. Such modification, of course, must be based on changed circumstances of the parties or the minor children.

Since the enactment of our modification statute, Ga. L. 1955, p. 630 (*Code Ann.* §§ 30-220, 30-223), decrees awarding permanent alimony are subject to revision by the proper trial court in this State.

Since the foreign decree in this case could be subsequently modified by a court in that State with respect to amount of alimony to be paid, I can see no logical reason

why the courts of this State cannot modify such a decree after the divorced parents and minor children have become domiciled in the State of Georgia.

It is rather clear that under the facts here presented a Georgia court could modify the foreign decree with respect to custody of the minor children. See *Milner v. Gatlin,* 143 Ga. 816 (85 SE 1045, LRA 1916B 977), where this court said that a divorce decree, in which disposition of the child has been made, is binding on the parties, so as to conclude their respective rights to the custody of the children at the time of its rendition. But as to conditions subsequently occurring, the trial judge has full discretion in changing custody. If a Georgia court can revise a foreign custody decree based on changed conditions since the rendition of that decree, it seems to me that a Georgia court can also modify a foreign alimony decree based on changed conditions since the rendition of that decree when the Georgia court has jurisdiction of the parties involved.

With respect to Georgia's public policy in this area, the General Assembly settled this by the enactment of the Uniform Support of Dependents Law (Ga. L. 1951, p. 107) and the subsequent enactment of the Uniform Reciprocal Enforcement of Support Act (Ga. L. 1958, p. 34); and the Court of Appeals in the case of *Barfield v. Harrison,* 101 Ga. App. 497 (114 SE2d 302) has said that whatever the status of the law in regard to a final award of support money for a child prior to 1951, it is clear that since the Uniform Support of Dependents Law was enacted, a father continues to be liable for the support of his children, and no decree made since the effective date of that Act for the support of children entered in any divorce proceeding is a final and unalterable adjudication precluding a later adjustment of the alimony award.

Furthermore, this court has held that a complaint seeking revision of an alimony award is essentially a new and separate cause of action and must be filed in the county of the defendant's residence. See *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719).

I would affirm the judgment of the trial court.
I respectfully dissent.