## 35083. YARBROUGH v. YARBROUGH.

BOWLES, Justice.

This appeal is from two orders of Houston Superior Court, finding appellant in contempt of court and ordering him incarcerated for failing to make child support payments. We affirm.

The parties were divorced by order of Laurens Superior Court on December 17, 1976. An agreement of the parties was incorporated into and made a part of the final judgment and decree. The final judgment, as well as the agreement, provided that:

"Due to the present disability of Defendant, no

specific amount of child support is hereby awarded by the Court, but this Final Judgment and Decree shall in no way preclude Plaintiff from filing a Petition for modification in the event of changed circumstances which would enable husband to pay child support."

Appellee filed a petition for support of the parties' three minor children, alleging change of condition. After hearing evidence, the trial court ordered appellant to make periodic payments to appellee for support of the children. Upon the failure to comply with this order, appellant was cited for contempt. On appeal appellant complains that Houston Superior Court was without jurisdiction to make an award of child support, which had the effect of modifying a final judgment of Laurens Superior Court.

An action for modification of child support is not a part of the original divorce action, but is a new in personam proceeding for purposes of establishing jurisdiction over the parties and venue. *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) (1968). Although the original divorce decree provided no specific amount of child support, a court of competent jurisdiction was authorized to modify the decree, upon proper application, to provide periodic support payments for the parties' minor children. *Quarles v. Quarles,* 237 Ga. 703 (229 SE2d 452) (1976); *Forrester v. Buerger,* 241 Ga. 34 (244 SE2d 345) (1978).

Appellee filed an application seeking an upward revision of child support payments, alleging a change in the appellant's financial circumstances which would enable him to make support payments. By his own admission in open court, appellant's residence was in Houston County. Under these facts, we find that Houston Superior Court had jurisdiction over the subject matter and the parties to enter an order requiring appellant to make periodic child support payments to appellee. Appellant did not appeal from this order.

In his appeal from the orders finding him in contempt, appellant has not shown that his failure to comply with the earlier judgment of the court was justified. Absent a transcript of the evidence we hold that the trial judge was authorized to find appellant was not a

pauper, and could make the payments set by decree. No reversible error has been shown by appellant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 22, 1979 — DECIDED SEPTEMBER 10, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Joel A. Willis, Jr.,* for appellant.
*R. Avon Buice,* for appellee.