### 63504. HARDISON v. HALL.

CARLEY, Judge.

The Department of Public Safety revoked appellee-Hall's driver's license on the ground that he was an habitual violator as defined by Code Ann. § 68B-308(b)(1). That section provides for the revocation of a license if the driver has been "convicted three or more times" of the offenses enumerated therein in a five-year period. After an adverse decision following an administrative hearing, Hall filed a de novo appeal in the Superior Court of Whitfield County pursuant to Code Ann. § 68B-315.

The evidence as stipulated at trial showed that on the night of May 17, 1980, Hall was arrested on Tibbs Road in Dalton, Georgia, and charged with driving under the influence and fleeing or attempting to elude a police officer at said time and place. He was "convicted" of both offenses, for purposes of civil, administrative revocation of driver's licenses (see Code Ann. § 68B-101 (b) (3); *Cofer v. Crowell,* 146 Ga. App. 639 (247 SE2d 152) (1978)) on May 19, 1980. Based upon the two convictions arising out of the May 17, 1980 incident and a prior conviction in 1976 for driving under the influence, the Department of Public Safety declared Hall to be an habitual violator under Code Ann. § 68B-308 (b) (1).

Contending that the intent of the legislature in enacting this statute was to "punish only recidivists," Hall argued that "to declare one to be an Habitual Violator as a result of convictions arising out of less than *three (3) separate and distinct transactions* erroneously subverts [this intent]." (Emphasis supplied.) Apparently agreeing, the superior court vacated the ruling of the Department of Public Safety and ordered that Hall's driver's license be reinstated.

Implicit in the superior court's order was its legal conclusion

that two or more convictions (as defined in Code Ann. § 68B-101 (b) (1)), arising out of the same incident or conduct, must be considered collectively as only "one conviction" for purposes of civil, administrative determination of habitual violators under Code Ann. § 68B-308(b). We granted the application of appellant-Hardison, the Commissioner of Public Safety, for a discretionary appeal in order to determine the propriety of the trial court's construction and application of this statute.

"The cardinal rule to guide the construction of laws is, first, to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *Ford Motor Co. v. Abercrombie,* 207 Ga. 464, 467 (62 SE2d 209) (1950). See also Code Ann. § 102-102 (9). Code Ann. § 68B-307, as amended, empowers the Department of Public Safety to suspend or revoke the licenses of habitually dangerous or negligent drivers. The express reason for cloaking the Department with such authority is stated in Code Ann. § 68B-307 (a): "The State of Georgia considers dangerous, negligent, and incompetent drivers to be a direct and immediate threat to the welfare and safety of the general public, and it is in the best interests of the citizens of Georgia to immediately remove such drivers from the highways of this State."

With the avowed purpose of this statute in mind, we must determine what the legislature intended in Code Ann. § 68B-308 (b) (1) by defining an "habitual violator" as a person "convicted three or more times" of the offenses enumerated therein. Does this phrase mean, as urged by appellant, that an habitual violator is a person convicted of three or more of the offenses enumerated therein in a five-year period notwithstanding the fact that two or more of the convictions might have "arisen out of" the same incident or conduct? Or, does it mean, as urged by appellee, that each of the convictions comprising the requisite "three or more" must arise out of "separate and distinct transactions?" Code Ann. § 68B-308 (b) (1) is less than artfully worded and the true intent of the legislature is not immediately apparent from a mere reading of the language thereof. Therefore, in an attempt to ascertain the legislative intent, it is appropriate to refer to the history of the legislation authorizing civil, administrative revocation of the licenses of persons classified as habitually dangerous or negligent drivers. *Mayor &c. of Savannah v. Hartridge,* 8 Ga. 23 (2) (1850); *International Minerals &c. Corp. v. Bledsoe,* 126 Ga. App. 243, 244 (190 SE2d 572) (1972).

The former law pertaining to this subject matter is Code Ann. § 92A-457 (Ga. L. 1972, pp. 1086, 1087-1089). Both the former and the present laws set forth two classifications of habitual violators. The first category—and the one applicable to appellee in the instant case—

is comprised of those persons "convicted three or more times" of certain "major" offenses enumerated therein. Code Ann. § 68A-308 (b) (1); former Code Ann. § 92A-457 (1-8). For purposes of this appeal, these two sections are without any relevant differences. The second category of habitual violators is comprised of those persons "convicted fifteen or more times" of certain moving traffic offenses. Code Ann. § 68A-308 (b) (2); former Code Ann. § 92A-457 (9). However, there is a distinct and significant difference between the language of the former statute and that of the present law with regard to this latter category. Former Code Ann. § 92A-457 (9) defined an habitual violator as a person convicted "fifteen or more times of moving traffic offenses, . . . , *which offenses have been committed during separate and unrelated incidents . . .*" (Emphasis supplied.) The emphasized portion of the former law was deleted from the corresponding section of the present law.

Thus, it is clear that under the former law, the legislature specifically intended and mandated that the requisite number of convictions of moving traffic offenses necessary under Code Ann. § 92A-457 (9) to classify one as an habitual violator *had* to arise out of "separate and unrelated incidents." No such restriction was placed on the requisite number of convictions of the "major" offenses under former Code Ann. § 92A-457 (1-8) and therefore it can only be presumed that the legislature did not intend to require that the requisite number of convictions thereunder arise out of "separate and unrelated incidents." Cf. *Allison v. Domain,* 158 Ga. App. 542, 545 (281 SE2d 299) (1981).

Likewise, Code Ann. § 68B-308 (b) (1) does not require that the "three or more convictions" of the offenses enumerated therein arise out of "separate and unrelated incidents." Had the legislature intended otherwise, it could have inserted a qualifying phrase similar to the one utilized in former Code Ann. § 92A-457 (9). Indeed, not only did the General Assembly fail to add the qualifying phrase when enacting present Code Ann. § 68B-308 (b) (1), it specifically omitted that phrase when it enacted present Code Ann. § 68B-308 (b) (2), corresponding to former Code Ann. § 92A-457 (9) in which the phrase appeared. Accordingly, we conclude that the legislature did not intend that the *requisite number of convictions* under Code Ann. § 68B-308(b) (1) arise out of separate and unrelated incidents. Moreover, this construction of the statute effectuates the avowed purpose of the statute, which is not to define and punish "recidivists" but to protect the citizens of this State from "dangerous, negligent, and incompetent drivers."

For the foregoing reasons the trial court erred in vacating the Department of Public Safety's decision classifying appellee-Hall as

an habitual violator and in ordering that appellee-Hall's license be reinstated.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 12, 1982.

*Michael J. Bowers, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Marion O. Gordon, John C. Walden, Senior Assistant Attorneys General, Charles E. Brown, Assistant Attorney General,* for appellant.

*John P. Neal III,* for appellee.