A92A0636. BOWMAN v. GRIFFITH.
(420 SE2d 795)

POPE, Judge.

Appellee John W. Griffith was arrested and charged with one count of illegal possession of a controlled substance and one count of illegal possession of marijuana, both counts arising out of the same incident. Defendant pleaded guilty to both counts and was sentenced. Thereafter he received notice from the Department of Public Safety that his driver's license was suspended for three years pursuant to OCGA § 40-5-75 (a) (2) which mandates a three-year suspension "[u]pon the second conviction of any such offense within five years, as measured from the dates of previous arrests for which convictions were obtained to the date of the current arrest for which a conviction is obtained. . . ." Appellee requested a hearing and a hearing officer for the Department of Public Safety upheld the suspension. Appellee then appealed the decision of the hearing officer to the superior court, arguing the conviction based on his guilty plea to the two-count indictment could not be treated as two separate convictions for purposes of the license suspension statute. The trial court agreed and concluded that the appropriate punishment is the 180-day suspension mandated by OCGA § 40-5-75 (a) (1) upon the first conviction for such an offense and ordered the punishment reduced accordingly.

The Commissioner of the Department of Public Safety appeals.

Appellant commissioner argues the superior court erred in treating the convictions on the two-count indictment as a single conviction for purposes of computing the appropriate suspension period under OCGA § 40-5-75 (a). Appellant argues this suspension statute for conviction of possession of a controlled substance or marijuana is comparable to the suspension statute for habitual violation of the traffic code, OCGA § 40-5-58. This court has previously held that for purposes of the habitual violator statute, the requisite number of convictions need not arise out of separate and unrelated incidents. See *Hardison v. Hall*, 162 Ga. App. 342 (291 SE2d 416) (1982). We expressly stated, however, that "this construction of the statute effectuates the avowed purpose of the statute, which is not to define and punish 'recidivists' but to protect the citizens of this State from 'dangerous, negligent, and incompetent drivers.'" (Quoting the predecessor statute to OCGA § 40-5-57 (a).) Id. at 344.

By contrast, however, the purpose of the statute at issue in this case, mandating the suspension of the license of a driver convicted of possession of a controlled substance or marijuana, is not to protect the public from an habitually negligent driver but to add to the punishment imposed upon one so convicted. Cf. *Priest v. State*, 261 Ga. 651 (2) (409 SE2d 657) (1991) (in which the Georgia Supreme Court concluded that because the possession of a controlled substance or marijuana is not a traffic violation, then those provisions of Chapter 5 of Title 40 which apply to traffic violation charges do not apply to license suspension pursuant to OCGA § 40-5-75; and thus, even though a guilty plea to a traffic violation is included in the definition of conviction provided in the chapter, a guilty plea to a charge of possession of a controlled substance or marijuana which is given first offender treatment does not constitute a conviction mandating suspension). Because OCGA § 40-5-75 is a recidivist statute and not an habitual traffic offense violator statute it should be construed together with the general recidivist statute, OCGA § 17-10-7, such that multiple counts of a single indictment are deemed as a single conviction. Compare *Cofer v. Hopper*, 233 Ga. 155 (4) (210 SE2d 678) (1974) (in which the now-repealed statute addressing motor vehicle theft and imposing recidivist punishment upon repeat offenders was thusly construed).

Moreover, the language of the statute mandating a three-year suspension refers to "previous arrests [and] convictions" within five years of the "current arrest." OCGA § 40-5-75 (a) (2). Thus, the statute contemplates separate arrests and convictions before the three-year suspension may be imposed. In this case, it is undisputed that appellee has had no prior conviction of possession of a controlled substance or marijuana and therefore the three-year suspension for recid-

ivists is inapplicable in this case. The trial court did not err by reducing the suspension of the appellee's license to 180 days.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 8, 1992.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Melissa J. Lunsford, Staff Attorney,* for appellant.

*J. Steven Astin,* for appellee.