A05A1949. MORGAN v. THE STATE.
(627 SE2d 413)

PHIPPS, Judge.

Bobby Ray Morgan was tried by a jury and convicted of the offenses of habitual violator and driving under the influence of alcohol (DUI) to the extent that it was less safe for him to drive. On appeal, he claims that the evidence was insufficient to support his convictions and that the trial court sentenced him illegally. For reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that at approximately 11:00 p.m. on May 15, 2001, City of Chatsworth patrolman Kelly Parker saw a blue sports car that appeared to be speeding. Parker activated his radar and confirmed that the car was exceeding the posted speed limit. After following the blue car for a short distance, he saw it cross the centerline twice. Parker then activated his blue lights, and the car pulled over and parked near a tavern. When Parker approached the car, Morgan was in the driver's seat and another man was in the passenger seat. Parker asked Morgan to exit the car, and when he complied, Parker observed that he was very unsteady on his feet, that he exuded a strong odor of alcohol and that his speech was slurred.

Parker gave Morgan an alco-sensor test, which was positive for alcohol. Morgan did not have a driver's license with him. Parker ran Morgan's name and birth date through dispatch and learned that Morgan was a habitual violator. Morgan had been declared a habitual violator and his driver's license had been revoked for a period of five years, beginning May 24, 2000. Parker arrested Morgan for DUI, habitual violator and speeding. Parker then read Morgan his implied consent rights and asked him to submit to a blood test. Morgan refused.

Mike Henderson of the Murray County Sheriff's Office testified to a similar transaction that took place on September 30, 1996.[1] Henderson stopped Morgan after his truck forced Henderson's car into another lane. Henderson noticed that Morgan was very unsteady

---

[1] Morgan stipulated to the introduction of the September 30, 1996 occurrence as a similar transaction.

on his feet and had very slurred speech. He gave Morgan an alco-sensor test, which was positive for alcohol, and conducted field sobriety tests. When he checked Morgan's driver's license, he discovered that he was a habitual violator. Henderson arrested Morgan for DUI, read him his implied consent rights and asked him to submit to a blood test. Morgan submitted to the blood test. Morgan ultimately pled guilty to DUI and habitual violator.

After the jury found Morgan guilty, the trial court held a sentencing hearing. The state presented evidence of three prior habitual violator convictions, all felonies, and the evidence was admitted without objection. The court then sentenced Morgan to serve five years pursuant to OCGA § 17-10-7 (c) for the habitual violator offense and one year for the DUI offense, to run concurrently with the five-year sentence.

1. Relying on circumstantial evidence rules, Morgan claims that the evidence was insufficient to support his convictions. He argues that a reasonable hypothesis of his innocence exists.

At trial, Morgan testified that he was not driving the car when Parker initially saw it and that the car windows were so heavily tinted that it was very difficult to see into the car from outside. He claimed that by the time Parker parked behind the blue car, he was standing on a sidewalk and the driver had gone into the tavern. Parker, however, testified that he maintained constant visual contact with the car from the time he turned on his blue lights until the time he approached the car and saw Morgan sitting in the driver's seat.

Morgan admitted to Parker that he had consumed two beers and submitted to an alco-sensor test. Morgan denied that Parker read him implied consent warnings or that Parker ever asked him to take a blood test. Morgan testified that he took a breathalyzer test at the county jail and assumes the results of that test disappeared.

Morgan claims that he presented a reasonable hypothesis of innocence by his testimony that he was not driving the car when Parker saw it speeding. But the jury was authorized to reject his testimony in favor of that offered by the state and to conclude that Morgan was driving the car.

We do not weigh evidence or determine witness credibility; that is the function of the jury.[2] Instead, we construe the evidence in the light most favorable to the verdict to determine whether it was sufficient to authorize a rational trier of fact to find Morgan guilty of

---

[2] *Moore v. State*, 274 Ga. App. 432 (618 SE2d 122) (2005).

these offenses beyond a reasonable doubt.[3] Under this standard, we conclude that the evidence was sufficient to support Morgan's convictions.

Moreover, in proving who was driving the car, the state relied on direct evidence (Parker's testimony). Thus, Morgan's reliance on circumstantial evidence rules is misplaced.[4]

2. Without citing any applicable authority, Morgan claims that the trial court erred by sentencing him pursuant to OCGA § 17-10-7 (c) because the state should not have been allowed to use the September 30, 1996 conviction both as a similar transaction and to enhance his sentence.

Pursuant to OCGA § 17-10-7 (c),

> any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state other than a capital offense must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

The state presented three prior habitual violator convictions at sentencing, one of which was the same conviction used to prove the similar transaction.

Prior habitual violator convictions may be used as a basis for recidivist punishment under OCGA § 17-10-7.[5] Nothing in the habitual violator statute prohibits prior convictions used in the guilt-innocence phase of trial from being used again at sentencing.[6] In addition, the purpose of the habitual violator statute is not to define and punish recidivists but to protect the citizens of this state from dangerous, negligent and incompetent drivers.[7] By contrast, OCGA § 17-10-7 is specifically designed to enhance punishment for repeat offenders. We find no basis upon which to preclude the use of a habitual violator conviction at both the guilt-innocence phase of trial and at sentencing.[8] The trial court did not err in considering the

---

[3] *Wingfield v. State*, 226 Ga. App. 448 (1) (486 SE2d 676) (1997).

[4] See *Bess v. State*, 254 Ga. App. 80, 82 (1) (561 SE2d 209) (2002).

[5] See *Morrison v. State*, 256 Ga. App. 23, 26 (5) (567 SE2d 360) (2002).

[6] See OCGA § 40-5-58; see also *Carswell v. State*, 263 Ga. App. 833, 835 (3) (589 SE2d 605) (2003) (nothing in aggravated assault statute precludes use of prior conviction for both impeachment and sentencing).

[7] *Bowman v. Griffith*, 204 Ga. App. 851, 852 (420 SE2d 795) (1992).

[8] Cf. *King v. State*, 169 Ga. App. 444-445 (313 SE2d 144) (1984) (prior felony conviction required to prove convicted felon was in possession of a firearm cannot also be used in same prosecution to enhance sentence under OCGA § 17-10-7).

September 30, 1996 conviction at sentencing.[9]
*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 20, 2006.

*Jerry W. Moncus*, for appellant.
*Kermit N. McManus, District Attorney, B. Scott Minter, Assistant District Attorney*, for appellee.