S12A1433. ODOM v. ODOM.
(733 SE2d 741)

THOMPSON, Presiding Justice.

Appellant Richard Odom (husband) and appellee Sherri Odom (wife) were divorced pursuant to a 2007 final divorce decree. The decree, which incorporated the parties' settlement agreement, awarded wife primary custody of the parties' three minor children and ordered

---

husband to pay child support in the amount of $2,065 per month. The decree also required husband to pay private school tuition for the 2008-2009 academic year and provided that he "shall not be responsible for any expense for private school other than set out in [the parties' settlement agreement]." In 2008, husband filed a petition to modify visitation and to hold wife in contempt of the final decree. Wife answered and filed a counterclaim for modification of child support.

Following a hearing attended by both parties and their counsel, the trial court entered an order denying husband's motions and granting wife's motion for an upward modification of child support. The court determined there had been a substantial change in husband's income and financial status sufficient to warrant an increase in child support, and after conducting the calculations required for determining child support under the child support guidelines, ordered an increase in husband's monthly child support to cover the expenses of private school for the children.[1] See OCGA § 19-6-15 (b). The trial court deviated from the presumptive child support award based on its conclusion that the "presumptive award would be unjust and/or inappropriate because the educational needs of the children of the parties could not be met with an award of the presumptive amount." See OCGA § 19-6-15 (i). Husband appeals from that portion of the trial court's order granting wife's motion for modification of child support. For the reasons that follow, we affirm.

1. Husband contends the trial court erred by modifying his child support obligation because modification was precluded under the doctrine of res judicata and because there was insufficient evidence of a change in circumstances to justify the modification.

The doctrine of res judicata provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

OCGA § 9-12-40. Res judicata thus "prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865 (1) (463 SE2d 5) (1995). An action for modification of child support based on a change in income, financial status, or the

---

[1] Husband's support obligation was increased from $2,065 per month to $5,435 per month.

needs of the child is not identical to an original divorce action, and therefore, res judicata does not prevent a former spouse from seeking modification of child support. See *Yarbrough v. Yarbrough*, 244 Ga. 313, 314 (260 SE2d 47) (1979) (action for modification not part of original divorce action); *McGuire v. McGuire*, 228 Ga. 782, 786 (187 SE2d 859) (1972) (purpose in creation of statutory right to modify decree as to permanent alimony was to "remedy the 'evil' . . . so as to allow by statute the modification of final decrees in Georgia courts"). See also *Jarrett v. Jarrett*, 259 Ga. 560 (1) (385 SE2d 279) (1989) (permanent child support judgment is res judicata and enforceable until modified, vacated, or set aside). Accordingly, res judicata did not preclude the trial court from considering wife's petition to modify child support. Similarly, the fact that the parties entered into a settlement agreement which addressed the issue of child support did not preclude the trial court from modifying its child support award in a subsequent proceeding.

With regard to the merits of wife's motion, we find no abuse of the trial court's discretion. Under Georgia law, a custodial parent may seek modification of the non-custodial parent's child support obligation based on a change in the income or financial status of either former spouse or in the needs of the child. OCGA §§ 19-6-15 (k) and 19-6-19 (a). Wife presented evidence that husband's gross monthly income increased from $8,898 to $10,700.91 during the period between entry of the final divorce decree and the filing of her petition for modification. In addition, there was evidence that husband's net worth had increased by almost three million dollars. This evidence supports the trial court's finding of a substantial change in income and financial status sufficient to authorize modification of the support award. See *Rolader v. Pendleton*, 231 Ga. 16 (2) (200 SE2d 108) (1973) (ten percent change in income sufficient to authorize modification of support payments). See also *Franz v. Franz*, 268 Ga. 465, 465-466 (1) (490 SE2d 377) (1997) (trial court sits as finder of fact in determination of income). The same evidence supports the trial court's deviation from the presumptive amount of child support based on a parent's financial ability to provide for private school education. See OCGA § 19-6-15 (i) (authorizing deviation from presumptive child support amount based on extraordinary educational expenses appropriate to parents' financial abilities and to lifestyle of the child if parents and child were living together).

2. Contrary to husband's argument, where a change in income or financial status sufficient to warrant a modification in the amount of child support payable on a per capita basis has been shown, the court is authorized to modify the per capita award into a group award. See *Van Dyck v. Van Dyck*, 263 Ga. 161 (2) (429 SE2d 914) (1993) (court

may in modification action modify group award into per capita award); *Nash v. Nash*, 244 Ga. 749, 752-753 (262 SE2d 64) (1979), overruled on other grounds, *Rivera v. Rivera*, 283 Ga. 547 (661 SE2d 541) (2008).

3. We find no error in the trial court's decision to exclude from evidence the testimony of a licensed psychologist who counseled the parties and their children regarding family issues.[2] Communications between a treating psychologist and a patient are privileged under OCGA §§ 24-9-21 and 43-39-16 and do not lose their privileged status because patients may have been treated jointly or because they were referred by a guardian ad litem. See *Gottschalk v. Gottschalk*, 311 Ga. App. 304 (10) (715 SE2d 715) (2011) (communications with psychologist recommended by guardian ad litem privileged under OCGA § 24-9-21); *State v. Herendeen*, 279 Ga. 323 (613 SE2d 647) (2005) (crucial issue is not whether interaction with mental health worker was voluntary or involuntary but whether it involved or contemplated treatment); *Mrozinski v. Pogue*, 205 Ga. App. 731, 733 (423 SE2d 405) (1992) (privilege not waived by seeking joint treatment).

4. Based on the above rulings, it was not error for the trial court to deny husband's request for attorney fees.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012.

*Simmons & Szczecko, Joseph Szczecko*, for appellant.
*Benjamin W. Porter, Robert G. Morton*, for appellee.

---

[2] In the absence of a transcript of the hearing concerning the admissibility of this evidence, we assume the correctness of the trial court's implicit findings that the witness was a licensed psychologist providing treatment to the Odom family. *Rolader*, supra, 231 Ga. 16 (1).