## 39594. BUCKHOLTS v. BUCKHOLTS.

GREGORY, Justice.

Husband and wife were divorced in Clayton County in 1980, and an award of child support was entered. Subsequently, wife moved to Clinch County with the children, and husband moved to another state.

In 1982, husband appeared in Clinch County, filing a petition for downward modification of the child support. Wife answered, denying personal service of the complaint and she counterclaimed for

---

contempt, alleging the husband had refused to meet his child support obligations under the 1980 divorce decree. Husband filed a motion to dismiss the counterclaim for contempt for lack of jurisdiction and venue since the decree sought to be enforced by counterclaim was an order of the Clayton County Superior Court, which would retain jurisdiction over contempt matters.

The trial court denied husband's motion, and the issues of modification of child support and contempt were tried before a Clinch County jury in November 1982. Neither husband nor his attorney appeared at trial. Child support was not modified, and husband was found to be in willful contempt of the original divorce decree.

Husband submitted an Application for Discretionary Appeal pursuant to OCGA § 5-6-35 (Code Ann. § 6-701.1), which we granted. For reasons which appear below, we affirm.

1. It has clearly been the rule in Georgia as in other states that contempt applications must be filed in the county where the divorce and alimony decree was entered. See *Austin v. Austin,* 245 Ga. 487, 489 (265 SE2d 788) (1980); *Griggs v. Griggs,* 234 Ga. 451 (9) (216 SE2d 311) (1975); *Connell v. Connell,* 222 Ga. 765 (1) (152 SE2d 567) (1966); *Moore v. Berry,* 210 Ga. 136 (3) (78 SE2d 6) (1953); *Goodrum v. Goodrum,* 202 Ga. 135 (4) (42 SE2d 450) (1947); McConaughey, Georgia Divorce, Alimony and Child Custody, § 14-3 (2nd Ed. 1980); Nelson, Divorce and Annulment, § 16.05 (2nd Ed. 1961 Rev.).

We have stated the reason for this rule as follows in *Goodrum v. Goodrum,* 202 Ga. 135 (4), supra: "Not only does the superior court rendering such a decree retain jurisdiction to enforce the same by attachment for contempt, but since 'the jurisdiction of the contempt proceeding is an incident of the alimony suit . . .,' it is not concurrent but exclusive jurisdiction which it has . . . The theory upon which the right of a court to punish for *contempt* is, that 'Every court has power to compel obedience to its judgments, orders, and processes . . .' It necessarily follows that 'Only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end' . . . ." (Cits. omitted.)

Similar considerations served as the basis for our earlier statutory provision requiring an action against a state resident to modify an alimony and divorce decree to be filed in the same county in which the original judgment was granted. See *Davis v. Davis,* 218 Ga. 250, 254 (127 SE2d 296) (1962); Code Ann. § 30-220 (Ga. L. 1955, pp. 630, 631). We later determined, however, that our state constitutional provisions (Ga. Constitution 1945, Art. VI, Sec. XIV, Par. VI) require that such an action be brought in the county of the defendant's residence rather than where the original judgment was

granted.[1] See *Duncan v. Medlin,* 226 Ga. 118 (172 SE2d 672) (1970); *Bugden v. Bugden,* 224 Ga. 517 (162 SE2d 719) (1968).

Consequently, we are left with the anomalous result that actions to modify alimony and divorce decrees must proceed in the county where the defendant currently resides, but a counterclaim in that same proceeding to enforce the original judgment by contempt will not lie unless that is also the county where the original judgment was issued. This case clearly shows the injustice of such a rule. We have already expressed our dissatisfaction with such an inequitable result in another context in *Austin v. Austin,* 245 Ga. 487, 490 (265 SE2d 788) (1980): "It would be unconscionable for a nonresident to be able to seek modification of an alimony judgment in the courts of this state but be immune at the same time to enforcement of that very same judgment."

We have previously stated that, "Rulings made in divorce cases stand upon a different footing from [other rulings]. The status of the marriage relation has been dealt with somewhat in the nature of a proceeding in rem." *Askew v. Bassett Furniture Co.,* 172 Ga. 700 (6) (158 SE 577) (1931). Because of this unique nature of divorce cases, we have shown some flexibility in the application of our jurisdictional and venue rules to them.

Notwithstanding our state constitutional venue provisions, we held in *Ledford v. Bowers,* 248 Ga. 804 (2) (286 SE2d 293) (1982), that where a resident plaintiff brings suit for change of child custody in a county other than the county of his residence, he submits himself to the jurisdiction of the court in which suit is filed for the purpose of allowing the defendant to file a counterclaim for a revision of child support. There, we stated, " ' "the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted, . . ." ' " 248 Ga. at 806.

In *Austin v. Austin,* supra, we held that where the former husband, who had become a non-resident of Georgia, sued the former wife for modification of the alimony judgment in the county of the court rendering the judgment, the wife could obtain personal jurisdiction over the husband in an application to hold him in contempt of the judgment by serving the attorney representing him in the modification proceeding.

In *Hathcock v. Hathcock,* 249 Ga. 74 (287 SE2d 19) (1982), the

---

[1] In other states, a proceeding to modify an alimony and divorce decree must proceed by motion in the court rendering the decree. See 24 AmJur2d 966, Divorce and Separation, § 852 (1966).

former husband filed an action to modify a Whitfield County alimony judgment in Fulton County Superior Court, Fulton County being the present residence of the defendant former wife. Husband sought by motion in that action to have his alimony payments suspended pending resolution of those issues. Fulton Superior Court agreed to suspend the payments on condition that if the former wife prevailed, all alimony due from that date would be due and owing. The former wife prevailed, husband did not pay the accrued alimony, and wife filed for contempt. Husband argued the contempt application must be filed only in Whitfield County, the county where the divorce and alimony decree was entered, but we held the application for contempt was properly filed in Fulton Superior Court since "[i]n a practical sense, both the Whitfield and the Fulton courts are offended by the nonpayments in the present case." 249 Ga. at 77.

In line with these cases, we find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court.[2] We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree. Such a change is necessary to ensure that in the bitter battles which too often follow divorce, neither spouse is legally left at the mercy of the other.

The trial court properly denied husband's motion to dismiss the counterclaim for contempt for lack of jurisdiction and venue.

2. We have examined appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 1983.

*Gupton, Saliba & Moore, George M. Saliba II,* for appellant.
*Sutton & Reddick, Berrien L. Sutton, Charles R. Reddick,* for appellee.

---

[2] There are other recognized exceptions to the general rule that no court other than the one contemned has jurisdiction over the contempt proceeding. See 99 ALR2d 1100. One such exception, similar to the case presented here, is that where the proceedings are transferred from the court rendering the judgment to another court, the latter court thereby acquires jurisdiction to hold a party in contempt of the judgment. See Graham v. Florida, 144 S2d 97, 99 ALR2d 1097 (Fla. App. 1962).