## 46407. DAVIS v. DAVIS.

(377 SE2d 850)

MARSHALL, Chief Justice.

In this case, the appellee, former wife, instituted an action against the appellant, former husband, for: (1) modification of the provisions for support of the parties' minor child set out in the parties' divorce decree; (2) modification of the former husband's visitation rights with the minor child, also set out in the parties' divorce decree; and (3) restoration of the former wife's maiden name.

In the original divorce action in the DeKalb Superior Court, the former husband was the plaintiff, and the former wife was the defendant. Notwithstanding the uncontested fact that the former husband has become a resident of Gwinnett County, the instant action was filed by the former wife in the DeKalb Superior Court on the contested ground that venue in an alimony-modification action is based on the county of residence of the defendant in the original divorce and alimony suit.

In apparent agreement with this argument, the trial court denied the former husband's motion for change of venue. Subsequently, the trial court entered final judgment modifying the child-support payment and visitation provisions of the divorce decree; the court below denied the former wife's claim for relief in regard to restoration of her maiden name, on the ground that this claim should be asserted in separate action.

We granted the former husband's application for discretionary appellate review of the denial of his motion for change of venue. Upon consideration, we reverse.

It has been firmly established that proper venue in an alimony-modification action is the county of residence of the party defendant in the modification action, and not the county wherein the divorce decree was rendered or the county of residence of the party defendant in the original divorce and alimony suit. *Tiller v. Tiller*, 245 Ga. 27 (262 SE2d 819) (1980); *Bugden v. Bugden*, 224 Ga. 517 (162 SE2d 719) (1968). See also *Buckholts v. Buckholts*, 251 Ga. 58 (1) (302 SE2d 676) (1983). We do note, however, that in an alimony-modification action, visitation rights are subject to review and modification "on the motion of any party, or on the motion of the court." OCGA § 19-9-1 (b). *Blalock v. Blalock*, 247 Ga. 548, 550 (1) (277 SE2d 655) (1981); *Sampson v. Sampson*, 240 Ga. 118 (239 SE2d 519) (1977).

Consequently, the trial court's denial of the appellant's motion for change of venue is reversed, and the case is remanded to the trial court with the direction that the trial court, pursuant to Uniform Superior Court Rule 19.1 (253 Ga. at p. 829 et seq.) order the case transferred to the Gwinnett Superior Court, in which venue properly lies.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Dailey & Groover, Lewis M. Groover, Jr.*, for appellant.
*Arroyo & Associates, Stephen A. Gura, William H. Arroyo*, for appellee.