## A98A1970. CORBETT v. CORBETT.
(511 SE2d 633)

RUFFIN, Judge.

Betty Corbett and Gary Corbett were divorced in May 1996, pursuant to a divorce decree entered by the Superior Court of Macon County. The decree awarded custody of the parties' minor children to Betty Corbett and provided Gary Corbett with specified visitation rights. On July 17, 1997, Gary Corbett filed a petition for change of custody in Terrell County, where Betty Corbett resides. The petition also sought to hold Betty Corbett in contempt for violating the visitation provisions of the divorce decree and sought to modify other portions of the divorce decree. On March 27, 1998, the Terrell County Superior Court entered an order refusing to change custody, but finding Betty Corbett in contempt for violating the terms of the divorce

decree. Betty Corbett appeals, contending that the Terrell County court had no authority to hold her in contempt for violating a decree issued by the Macon County Superior Court. We disagree and affirm.

The right of a court to punish for contempt is based on the theory that every court has power to compel obedience to its judgments, orders and processes. Therefore, as a general rule, "[o]nly the court offended has power to punish for the contempt, or to entertain proceedings to that end." (Punctuation omitted.) *Gignilliat v. Gentry*, 217 Ga. App. 518, 519-520 (1) (457 SE2d 833) (1995). In *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983), however, the Supreme Court recognized that "[r]ulings made in divorce cases stand upon a different footing from other rulings. The status of the marriage relation has been dealt with somewhat in the nature of a proceeding in rem. Because of this unique nature of divorce cases, we have shown some flexibility in the application of our jurisdictional and venue rules to them." (Citation and punctuation omitted.) Id. at 60 (1).

In *Buckholts*, the parties were divorced in Clayton County, and the husband subsequently filed a petition for modification of child support in Clinch County, where the wife resided. The wife counterclaimed for contempt, claiming that the husband had failed to comply with his existing child support obligations. Id. at 58-59. The Supreme Court rejected the husband's contention that any contempt action had to be brought in Clayton County, where the original divorce decree was issued. The Court noted that an action to modify a divorce decree must be brought in the county where the defendant resides, and not in the county where the original judgment was issued. Adopting the husband's position would thus lead to "the anomalous result that actions to modify alimony and divorce decrees must proceed in the county where the defendant currently resides, but a counterclaim in that same proceeding to enforce the original judgment by contempt will not lie unless that is also the county where the original judgment was issued." Id. at 60 (1).

The Court stated that "we find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court. We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree. Such a change is necessary to ensure that in the bitter battles which too often follow divorce, neither spouse is legally left at the mercy of the other." (Footnote omitted.) *Buckholts*, supra at 61.

In this case, unlike *Buckholts*, the contempt action was not brought as a counterclaim to a modification action, but was asserted by the petitioner as an additional count in the modification petition.

However, we do not believe that this difference requires a different result. The analysis in *Buckholts* was predicated not simply upon the fact that the nonresident petitioner voluntarily submitted to the jurisdiction of another county by filing a modification action, but upon the fact that divorce cases are different from other cases, requiring "some flexibility in the application of our jurisdictional and venue rules." Id. at 59-60 (1). Moreover, *Buckholts* broadly states that "we find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court." Id. at 61.

The question in this case is not, strictly speaking, whether the Terrell County court has jurisdiction over the mother, who is in fact a resident of the county. Rather, the question is whether the court has the power to compel obedience to an order issued by another court. In this regard, it makes little sense to say that the Terrell County court would have the power to hold the nonresident petitioner in contempt for violation of such an order, but does not have the power to hold the resident defendant in contempt for violation of the same order. Such a proposition makes even less sense when it is considered that the Terrell County court, and not the court of issue, has the power to modify the order in question. See *Buckholts*, supra at 60.

In addition to the fact that this is a divorce case, the *Buckholts* decision suggests another basis upon which the Terrell County court could exercise contempt power in this case. The Supreme Court in *Buckholts* stated that "[t]here are other recognized exceptions to the general rule that no court other than the one contemned has jurisdiction over the contempt proceeding. One such exception, similar to the case presented here, is that where the proceedings are transferred from the court rendering the judgment to another court, the latter court thereby acquires jurisdiction to hold a party in contempt of the judgment." (Citation omitted.) Id. at 61, n. 2. In a sense, the proceedings in this case were effectively transferred to Terrell County because "actions to modify alimony and divorce decrees must proceed in the county where the defendant currently resides." Id. at 60. Thus, the Terrell County court had jurisdiction to modify the original judgment, even though the judgment was entered by another court. Because the Terrell County court in essence acquired jurisdiction over the order in question, " '(i)n a practical sense, both the [Terrell County] and the [Macon County] courts are offended by the [noncompliance] in the present case.' " Id. at 61, quoting *Hathcock v. Hathcock*, 249 Ga. 74, 77 (287 SE2d 19) (1982). When this consideration is combined with the Supreme Court's recognition that "it [is] necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court," *Buckholts*, supra at 61, it is clear that the Terrell County

Superior Court had the power to punish defendant for contempt in this case.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 8, 1999.

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*Charles R. Hunt*, for appellee.