A02A0658. ROCKWOOD INTERNATIONAL SYSTEMS SUPPLY, INC. v. RADER COMPANIES, INC.
(567 SE2d 104)

JOHNSON, Presiding Judge.

The Gwinnett County Superior Court held Rockwood International Systems Supply, Inc. in contempt for violating a temporary restraining order issued by the Fulton County Superior Court. Rockwood now argues that the Gwinnett court lacks power to punish for contempt of the Fulton court's restraining order and that the Fulton court's order was void for lack of venue. The arguments are without merit because the Gwinnett court acquired the power to punish for violations of the Fulton court order when Rockwood moved this lawsuit from Fulton County to Gwinnett County, and, regardless of venue, the restraining order was not void since the Fulton court had jurisdiction to issue the order. Because Rockwood's arguments lack merit, we affirm the contempt order.

Steven Bennett and Kevin Hood were employed by Babcock Materials Handling Technology, Inc. In 1998, Bennett and Hood were laid off from their jobs at Babcock. Bennett, Hood and others later formed Rockwood International Systems Supply, which designs and manufactures bulk materials handling equipment for the pulp and paper industry.

Rader Companies, Inc., a successor of Babcock, also designs and manufactures equipment for the pulp and paper industry. In July 2000, Rader filed the instant lawsuit in Fulton County Superior Court against Bennett, Hood, and Rockwood, alleging violations of the Georgia Trade Secrets Act and of the separation agreements entered into by Bennett and Hood upon their employment termination by Babcock.

On the same day it filed the lawsuit, Rader also sought a temporary restraining order to prohibit the destruction of evidence. The Fulton court granted the request, issuing a restraining order for up to 30 days which prohibited Bennett, Hood, and Rockwood from disposing of, transferring, or altering various documents and property.

In September 2000, Rockwood filed a notice to have the lawsuit removed from Fulton County to Gwinnett County pursuant to OCGA § 14-2-510 (b) (4), which, under certain circumstances, allows a corporation to remove an action to the county where it maintains its principal place of business. Rader did not challenge this removal.

In December 2000, Rader filed a motion for contempt in the Gwinnett court, asserting that Bennett, Hood, or Rockwood had discarded documents while the temporary restraining order issued by the Fulton court was in effect. The Gwinnett court held a hearing on the motion and later issued its order finding Rockwood in contempt for wilfully disposing of, transferring, or altering documents in violation of the temporary restraining order. Rockwood appeals from the contempt order.

1. Rockwood claims that the contempt order must be reversed because the Gwinnett County Superior Court has no power to punish it for violating the Fulton County Superior Court restraining order. It is true that a court's right to punish for contempt is based on the theory that every court has the power to compel obedience to its own orders and judgments.[1] So as a general rule, only the court that has been offended has the power to punish for the contempt.[2]

But the Supreme Court has recognized an exception to this general rule in the context of divorce and alimony cases. The Supreme Court has held that if a superior court other than the court that ren-

---

[1] *Corbett v. Corbett*, 236 Ga. App. 299, 300 (511 SE2d 633) (1999).
[2] Id.

dered the original divorce decree acquires jurisdiction and venue to modify that decree, then it likewise may entertain a claim alleging contempt of the original decree.[3] In reaching this holding, the Court noted that there are other exceptions to the general rule that a contempt action must be brought in the offended court, and it specifically cited the exception that if proceedings are transferred from a court rendering judgment to another court, then the latter court acquires jurisdiction to hold a party in contempt of the judgment.[4]

Although the instant case is not a divorce or alimony matter, it does involve the transfer of proceedings from one court to another. And the fact that Rockwood itself caused the case to be moved to another court exemplifies the need for the transfer exception noted by the Supreme Court. Without that exception, a party in Rockwood's position could wilfully violate a court's order, but then avoid punishment for such a contemptuous act by removing the case to another court, where it could then rely on the general rule that only the offended court may punish for contempt. We will not sanction such a manipulative use of the law.

Rather, we find that this case falls squarely within the transfer exception noted by the Supreme Court. We thus hold that because the proceedings were transferred from the Fulton County Superior Court to the Gwinnett County Superior Court, the Gwinnett court thereby acquired jurisdiction to hold Rockwood in contempt for violating the Fulton court's restraining order.

2. Rockwood cites the case of *John Hancock &c. Ins. Co. v. Baskin*[5] for the proposition that a restraining order issued by a court lacking venue is void and a party cannot be held in contempt for violating a void order. While a party indeed does not commit contempt by violating a void order,[6] Rockwood has misread *John Hancock*, which does not state that lack of venue renders an order void.

What *John Hancock* actually states is that where pleadings show on their face that the court is without *jurisdiction* of the subject matter or of the named defendants, then any preliminary order or final judgment is void, and disobedience of a void order or judgment is not contempt of court.[7] In the instant case, the pleadings filed by Rader in the Fulton court do not show on their face that the court lacked subject matter or personal jurisdiction. On the contrary, there is no question that, as a matter of law, the Fulton County Superior Court had subject matter jurisdiction over this case of alleged trade

---

[3] *Buckholts v. Buckholts*, 251 Ga. 58, 61 (1) (302 SE2d 676) (1983).

[4] Id., n. 2.

[5] 179 Ga. 86 (175 SE 251) (1934).

[6] *In re Estate of Adamson*, 215 Ga. App. 613, 614 (2) (451 SE2d 501) (1994).

[7] *John Hancock*, supra at 86, hn. 3.

secret and contract violations.[8] Likewise, Rockwood admits that it was served with process, thereby giving the Fulton court personal jurisdiction.[9]

Moreover, if a trial court has jurisdiction to issue an order, the order must be obeyed until it has been superseded, even if it is wrong.[10] The disobedience of such an erroneous, but unsuperseded, order is contempt of court.[11] Here, the Fulton court had jurisdiction to issue the temporary restraining order.[12] Consequently, even if the order was improper because of lack of venue, which may be waived,[13] Rockwood still had to obey the order until it was superseded. The order was not superseded during its 30-day term. So even if it was erroneous, the order was entered in a matter over which the court had subject matter jurisdiction, and disobedience of it is contempt of court.[14]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JUNE 18, 2002.

*Chamberlain, Hrdlicka, White, Williams & Martin, Eric C. White, James L. Paul,* for appellant.

*Arnall, Golden & Gregory, Charles L. Gregory, Richard A. Mitchell, Andrew B. Flake,* for appellee.

---

[8] OCGA § 15-6-8.

[9] See *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000) (court acquires personal jurisdiction by the serving of proper process on parties); OCGA § 9-11-4.

[10] *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 809 (1) (555 SE2d 175) (2001).

[11] (Citations and punctuation omitted.) *Gilbert v. E & W Constr. Co.*, 181 Ga. App. 281, 284 (2) (351 SE2d 523) (1986).

[12] OCGA § 9-11-65 (b).

[13] *Bonner*, supra at 546 (1).

[14] *Brewton v. Rowell*, 173 Ga. App. 117, 118 (325 SE2d 610) (1984).