## S07A0517. JACOB v. KOSLOW.
### (644 SE2d 857)

THOMPSON, Justice.

The question for decision in this case is whether a trial court has jurisdiction to entertain a petition to hold a spouse in contempt of a divorce decree entered in another county in the absence of a petition to modify the decree. The short answer is "no."

Husband and wife were divorced in Fulton County in 1993. Sometime thereafter, both husband and wife moved to Cherokee County. In September 2005, wife filed a petition in Cherokee County to have husband held in contempt of the Fulton County divorce decree. Husband answered the complaint, raised various defenses, including lack of jurisdiction and venue, and moved for judgment on the pleadings, or, in the alternative, to transfer the case to Fulton County. The trial court denied husband's motion but certified its ruling for immediate review. We granted husband's interlocutory application.

In *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983), the parties were divorced in Clayton County, and husband filed a petition to modify child support in Clinch County, where wife resided. When wife counterclaimed for contempt, husband asserted the court was without jurisdiction to entertain the counterclaim because actions for contempt must be brought in the offended court. This Court rejected husband's assertion, stating:

> [W]e find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court. We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree.

Id. at 61. In so ruling, this Court noted:

> Rulings made in divorce cases stand upon a different footing from other rulings. The status of the marriage relation has been dealt with somewhat in the nature of a proceeding in

rem. Because of this unique nature of divorce cases, we have shown some flexibility in the application of our jurisdictional and venue rules to them.

(Citations and punctuation omitted.) Id. at 60.

In *Corbett v. Corbett*, 236 Ga. App. 299 (511 SE2d 633) (1999), the Court of Appeals extended the rule in *Buckholts* to a case in which the parties were divorced in Macon County, but husband filed a modification petition and motion for contempt in Terrell County where wife resided. The trial court refused to modify the divorce decree, but it did hold wife in contempt. On appeal, the Court of Appeals affirmed, reasoning, in part, that inasmuch as the Terrell County court acquired jurisdiction to modify the original decree, it had the power to hold wife in contempt of that decree. Id. at 301.

In this case, the trial court recognized that neither *Buckholts* nor *Corbett* controls because wife did not seek to modify the original decree; she simply filed a petition to hold husband in contempt. Nevertheless, taking a broad approach to *Buckholts*, the trial court concluded that jurisdiction was proper in Cherokee County because both parties reside in Cherokee County and it would have had jurisdiction to consider a modification petition if one had been filed. In so doing, the trial court erred.

It has long been the rule in this state, as in other jurisdictions, that an application for contempt must be filed in the court which rendered the order or judgment in question. See generally *Rockwood Intl. Systems Supply v. Rader Cos.*, 255 Ga. App. 881 (1) (567 SE2d 104) (2002) (recognizing the general rule that only the court that has been offended has the power to punish for contempt). In divorce cases, this means that, generally speaking, a contempt application must be filed in the superior court which entered the divorce decree. See McConaughey, Georgia Divorce, Alimony and Child Custody, § 14-3 (2nd ed. 1980). The reason for this rule has been set forth succinctly as follows:

> The theory upon which the right of a court to punish for *contempt* is, that "Every court has power to compel obedience to its judgments, orders, and processes. . . ." It necessarily follows that "Only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end."

(Citations omitted.) *Goodrum v. Goodrum*, 202 Ga. 135 (4) (42 SE2d 450) (1947).

Our courts departed from this rule in *Buckholts* and *Corbett* because, in those cases, the trial court was presented with an application for contempt *in addition to* a petition to modify the original

divorce decree. Thus, in both *Buckholts* and *Corbett*, the trial court was vested with jurisdiction over the modification action independently, i.e., without regard to the accompanying application for contempt. Given that circumstance, we determined that a flexible approach to contempt jurisdiction in divorce cases was warranted. But we did not intend to expand jurisdiction in divorce cases generally to allow a husband or wife to be punished for contempt of an order or decree which was rendered in another county. It follows that the trial court erred in denying husband's motion for judgment on the pleadings or, in the alternative, to transfer the case to Fulton County.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 14, 2007.

*Anthony M. Zezima*, for appellant.
*Hasty, Pope & Ball, Patricia B. Ball*, for appellee.

*Judgment reversed. All the Justices concur.*