T.C. Summary Opinion 2008-104

UNITED STATES TAX COURT

WILLIAM R. HARPER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10312-07S.              Filed August 19, 2008.

William R. Harper, pro se.

<u>Monica J. Miller</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 2004 Federal income tax of $29,568, an addition to tax under section 6651(a)(1) of $3,594.83, an addition to tax under section 6651(a)(2) of $1,517.82, and an addition to tax under section 6654(a) of $419.94.

Petitioner concedes the income items determined by respondent to be correct in their amount and source. The parties agree that petitioner did not timely file his Federal income tax return for 2004. Petitioner offered no argument or evidence to show that he: (a) Is not subject to the overall limitation on itemized deductions, (b) is not subject to the alternative minimum tax, and (c) failed to file timely his Federal income tax return for reasonable cause and not willful neglect. Thus, petitioner has conceded these issues. See, e.g., Bradley v. Commissioner, 100 T.C. 367, 370 (1993); Corp. & Subs. v. Commissioner, 96 T.C. 226, 344 (1991).

Respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(2).

The issues remaining for decision are whether petitioner is: (1) Able to have his deficiency "reassigned" to his former wife, and (2) liable for the addition to tax under section 6654(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence

are incorporated herein by reference.  At the time the petition was filed, petitioner resided in Georgia.

Petitioner and his former wife separated in September 2004. The Superior Court of Houston County, Georgia (superior court), entered a divorce judgment and decree (decree) in Harper v. Harper on November 14, 2005.  The decree provides that "(4) All monies due the Internal Revenue Service for back taxes; Plaintiff will do whatever is required by the IRS to hold Defendant [petitioner] harmless as to this debt".

Petitioner alleges that he attempted to get his former wife's cooperation in filing a joint individual Federal tax return for 2004.  Petitioner testified that "She just refused to do it, and I finally filed a married, filing separate return."

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  Since the only issue raised with respect to the deficiency determination is a legal matter, the burden of proof does not shift to respondent.

Reassignment of Petitioner's Deficiency

Citing the "hold harmless" language in the decree, petitioner argues that his tax deficiency should be "reassigned" to his ex-wife.  There is, however, no provision in the Code permitting the "reassignment" of a tax deficiency from one taxpayer to another.[1]  And the decree from the superior court does not bind this Court or prevent the Court from determining a deficiency due from petitioner.  See Pesch v. Commissioner, 78 T.C. 100, 129 (1982) (and cases cited thereat).

It is oft repeated that this Court is a court of limited jurisdiction.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Medeiros v. Commissioner, 77 T.C. 1255, 1259 (1981); Wilt v. Commissioner, 60 T.C. 977, 978 (1973).  The Court may therefore exercise jurisdiction only to the extent expressly provided by Congress.  See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66 (1976) ("This Court has pointed out on numerous occasions that its jurisdiction is strictly limited by statute and that it may not enlarge upon that statutory jurisdiction."); see also Rule 13.

The Court is reviewing this case under section 6213, which confers jurisdiction to redetermine deficiencies in income taxes.

---

[1]To the extent that petitioner may be characterized as asking for relief from liability, sec. 6015 is inapplicable. Petitioner did not file a joint return and the "erroneous items" creating the understatement are not attributable to the "other individual".  See sec. 6015(a)(1), (b)(1) and (c)(1).

See Estate of DiRezza v. Commissioner, 78 T.C. 19, 25 (1982). By asking the Court to reassign his tax deficiency on the basis of language in the decree, petitioner is implicitly asking the Tax Court to enforce a provision of the superior court's decree against his former wife. The Tax Court has no jurisdiction in State court matters. Not only does this Court lack jurisdiction over petitioner's divorce matters; the general rule is that a court has the power to compel obedience to its own judgments and that only that court may punish an offender who disobeys its orders. See United States v. Barnett, 330 F.2d 369, 385 (5th Cir. 1963); Jacob v. Koslow, 644 S.E.2d 857, 858 (Ga. 2007); Corbett v. Corbett, 511 S.E.2d 633, 634 (Ga. Ct. App. 1999).

The Court cannot reassign petitioner's deficiency or force another taxpayer to become liable for his Federal income tax deficiency.

Section 6654(a) Addition to Tax

The Commissioner bears the burden of production with respect to any addition to tax. Sec. 7491(c). In order to meet this burden, the Commissioner must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

Section 6654 imposes an addition to tax for failure to make timely and sufficient payments for estimated taxes. In order for respondent to satisfy his burden of production under section

7491(c), he must produce evidence necessary to enable the Court to conclude that petitioner had an obligation to make an estimated tax payment.  See Wheeler v. Commissioner, 127 T.C. 200, 211 (2006), affd. 521 F.2d 1289 (10th Cir. 2008). Specifically, respondent must produce evidence showing that petitioner had a "required annual payment" as defined by section 6654(d)(1)(B) for the year at issue.  See id.

The section 6654 addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c)(1).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment".  Sec. 6654(d)(1)(A).

Under section 6654(d)(1)(B), "required annual payment" means the lesser of:

> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or
>
> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Petitioner failed to file a return for 2004.  That evidence is sufficient for the Court to make the analysis required by

section 6654(d)(1)(B)(i).  Respondent, however, failed to introduce evidence showing whether petitioner filed a return for the preceding taxable year, i.e., 2003, and if he did, the amount of tax shown on that return.  Without that evidence, the Court cannot identify the amount equal to 100 percent of the tax shown on petitioner's 2003 return.

The Court cannot conclude that petitioner had a required annual payment for 2004 because respondent failed to produce sufficient evidence, as required by section 7491(c), to allow the Court to complete the comparison required by section 6654(d)(1)(B).  See <u>Wheeler v. Commissioner</u>, <u>supra</u>.  Accordingly, petitioner is not liable for the addition to tax under section 6654(a) for 2004.

To reflect the foregoing,

<u>Decision will be
entered for respondent as to
the deficiency and the section
6651(a) addition to tax and
for petitioner as to the
additions to tax under
sections 6651(a)(2) and
6654(a)</u>.