S12A1739. FORD v. HANNA.

(739 SE2d 309)

BLACKWELL, Justice.

As a general rule, contempt of a judicial decree can be punished only by the court that rendered the decree. We recognized an exception to the general rule, however, in *Buckholts v. Buckholts*, 251 Ga. 58 (302 SE2d 676) (1983), where we held that, when one court has rendered a decree of divorce, and a second court later acquires jurisdiction to entertain a petition to modify that decree, the second court also has jurisdiction to entertain a motion for contempt of the original decree as a counterclaim to the petition to modify. Today, we consider whether the *Buckholts* exception is limited to counterclaims for contempt. We conclude that the *Buckholts* exception is not so limited and that it permits a court with jurisdiction to entertain a petition to modify a divorce decree also to entertain a motion for

---

contempt of that decree, whether asserted as a counterclaim to the petition to modify or as an additional claim by the party seeking the modification.

In 2005, Robert Hanna and Kelli Ford were divorced in Gwinnett County. Hanna later moved to DeKalb County, and in 2011, Ford filed a petition in DeKalb County to modify their divorce decree with respect to child support and visitation.[1] At the same time, Ford also filed a motion in DeKalb County for contempt, alleging that Hanna had failed to pay child support due under the decree.[2] Hanna moved to dismiss the motion for contempt for want of jurisdiction, and the DeKalb County court granted his motion,[3] citing the general rule that contempt of a decree ordinarily can be punished only by the court that rendered the decree. The DeKalb County court distinguished *Buckholts*, reasoning that *Buckholts* is limited to counterclaims for contempt. Ford appeals,[4] contending that the DeKalb County court had jurisdiction to entertain her motion for contempt. We agree, and we reverse the dismissal of the motion for contempt.

The idea that contempt of a judicial decree ordinarily can be punished only by the court that rendered the decree is a longstanding

---

[1] In 2007, the Gwinnett County court modified the decree with respect to child custody and support. The Court of Appeals affirmed the modification as to custody, but it vacated the modification as to support and remanded for further proceedings. See *Ford v. Hanna*, 293 Ga. App. 863, 865-867 (1) (668 SE2d 271) (2008). On remand, the Gwinnett County court entered a final modification order as to child support in 2009. For the purposes of this appeal, there is no need to distinguish between the original decree rendered in 2005 and the decree as modified in 2007 and 2009. Accordingly, when we speak in this opinion of the original decree, we mean the original decree as previously modified in Gwinnett County.

[2] The petition to modify and the motion for contempt filed in DeKalb County in 2011 bear different case numbers, but we view that circumstance as inconsequential, considering that both were filed contemporaneously. At a hearing on the motion for contempt, counsel for Ford stated in her place and without objection that she had attempted to file the petition to modify and the motion for contempt as a single pleading, but the clerk refused to accept them as a single pleading and insisted instead that they be filed separately. Although Hanna argues on appeal that the record does not indicate "upon what basis the Clerk of Court may have refused to accept the [petition for modification and motion for contempt as a single pleading]," Hanna does not dispute that Ford attempted to file them as one pleading, but was refused by the clerk. We take this occasion to remind that the duty of the clerk is to file pleadings, not to ascertain their legal effect. See generally *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) (2007) (clerk has ministerial duty to file pleadings, and it is beyond the purview of the clerk to be concerned with their legal viability).

[3] As an alternative to dismissal, the DeKalb County court authorized Ford to elect to have her motion for contempt transferred to Gwinnett County. See generally Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII ("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere.").

[4] Ford timely filed an application for discretionary review of the dismissal of her motion for contempt, see OCGA § 5-6-35 (a) (2), and we granted that application.

and settled principle of Georgia law:

> It has long been the rule in this state, as in other jurisdictions, that an application for contempt must be filed in the court which rendered the order or judgment in question. In divorce cases, this means that, generally speaking, a contempt application must be filed in the superior court which entered the divorce decree. The reason for this rule has been set forth succinctly as follows: "The theory upon which the right of a court to punish for contempt is, that '[e]very court has power to compel obedience to its judgments, orders, and processes.' It necessarily follows that '[o]nly the court offended has power to punish for the contempt or to entertain proceedings to that end.'"

*Jacob v. Koslow*, 282 Ga. 51, 52 (644 SE2d 857) (2007) (citations, punctuation and emphasis omitted). See also *Austin v. Austin*, 245 Ga. 487, 489 (265 SE2d 788) (1980) ("Contempt applications must be filed in the county where the divorce and alimony decree was entered." (citations omitted)); *Ogletree v. Watson*, 223 Ga. 618, 619 (1) (157 SE2d 464) (1967) ("[O]nly the court offended has the power to punish for the contempt [of a custody decree] or to entertain proceedings to that end." (citation omitted)); *Rockwood Intl. Systems Supply v. Rader Cos.*, 255 Ga. App. 881, 882 (1) (567 SE2d 104) (2002) ("It is true that a court's right to punish for contempt is based on the theory that every court has the power to compel obedience to its own orders and judgments. So as a general rule, only the court that has been offended has the power to punish for the contempt." (citations omitted)). A petition to modify a divorce decree, on the other hand, must be brought in the county in which the respondent resides, even if the decree originally was rendered in another county. *Duncan v. Medlin*, 226 Ga. 118, 118 (172 SE2d 672) (1970). In some cases, these principles, applied together, would produce an "anomalous result," *Buckholts*, 251 Ga. at 60 (1), by which a petition to modify an existing divorce decree may be litigated in one court, and a motion to enforce the same existing decree by contempt may be litigated in another.

To avoid such an "anomalous result," we recognized an exception in *Buckholts* to the general rule that a motion for contempt of a divorce decree properly can be entertained only by the court that rendered the decree.[5] In *Buckholts*, the husband and wife had been

---

[5] We have said before that the rule that a petition to modify a divorce decree must be brought in the county in which the respondent resides, even though the decree originally may have been rendered in another county, is a constitutional rule, see *Parris v. Douthit*, 287 Ga. 119, 120 (694 SE2d 655) (2010), and for that reason, the extent to which the courts properly may

divorced in Clayton County, but the husband subsequently moved from the state, and the wife moved to Clinch County. The husband later filed a petition in Clinch County to modify the divorce decree with respect to child support, and the wife counterclaimed for contempt, alleging that the husband had failed to satisfy his child support obligations under the original decree. On the counterclaim, the Clinch County court found the husband in contempt of the original decree, and the husband appealed, citing the general rule that contempt of a decree can be punished only by the court that rendered it. 251 Ga. at 58-59. We affirmed, recognizing an exception to the general rule:

> [W]e find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court. We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree.

Id. at 61 (1) (footnote omitted).[6] We explained that this exception was "necessary to ensure that in the bitter battles which too often follow divorce, neither spouse is legally left at the mercy of the other," id., noting the "injustice" of a party invoking the jurisdiction of the court to modify an existing judgment, but claiming that he is " 'immune at the same time to enforcement of that very same judgment' " by the court from which he seeks a modification. Id. at 60 (1) (quoting *Austin*, 245 Ga. at 490). This case, of course, presents no such "injustice," inasmuch as it was Ford, not Hanna, who invoked the jurisdiction of the DeKalb County court to modify their divorce decree, and the motion for contempt is an additional claim asserted by Ford, not a counterclaim asserted by Hanna. But we offered a hint in *Buckholts* that the exception we recognized there might have broader application, observing that it also had roots in the settled principle that,

---

recognize exceptions to the rule is limited by the relevant provisions of the Constitution. Cf. *Ledford v. Bowers*, 248 Ga. 804, 807 (2) (d) (286 SE2d 293) (1982) (state constitutional venue provisions permit "under certain circumstances both jurisdiction of the person and venue [in divorce cases] [to] be conferred by consent"). We never have held, however, that the rule concerning the county in which a contempt application must be brought is a rule required by the Constitution, and no one in this case argues that it is. Accordingly, the Georgia courts have "shown some flexibility in the application of our jurisdictional and venue rules" in cases concerning contempt of divorce decrees. See *Buckholts*, 251 Ga. at 60 (1).

[6] We recently reaffirmed the holding of *Buckholts* in a case involving a counterclaim for contempt. See *Horn v. Shepherd*, 292 Ga. 14, 16-17 (2) (732 SE2d 427) (2012).

when "proceedings are transferred from the court rendering the judgment to another court, the latter court thereby acquires jurisdiction to hold a party in contempt of the judgment."[7] Id. at 61 (1), n. 2 (citation omitted).

Nearly sixteen years after we decided *Buckholts*, our Court of Appeals confronted the issue with which we are presented today. In *Corbett v. Corbett*, 236 Ga. App. 299 (511 SE2d 633) (1999), the husband and wife had been divorced in Macon County. The wife moved at some point to Terrell County, and the husband filed a petition in Terrell County for both modification of the divorce decree and for contempt of the decree. The Terrell County court found the wife in contempt of the original decree, and she appealed, citing the general rule that contempt of a decree can be punished only by the court that rendered the decree. Id. at 299-300. The Court of Appeals affirmed, reasoning that

> it makes little sense to say that the Terrell County court would have the power [under *Buckholts*] to hold the nonresident petitioner in contempt for violation of [the original decree], but does not have the power to hold the resident defendant in contempt for violation of the same [decree]. Such a proposition makes even less sense when it is considered that the Terrell County court, and not the court of issue, has the power to modify the order in question.

Id. at 301. The Court of Appeals also picked up our reference in *Buckholts* to the settled principle that the power to enforce a judgment by contempt follows the judgment upon a transfer of the proceedings, explaining that, "[i]n a sense, the proceedings in [*Corbett*] were effectively transferred to Terrell County," and because the Terrell County court had independently acquired jurisdiction to modify the original decree, " 'in a practical sense, both the Terrell County and the Macon County courts are offended by the noncompliance in the present case.' " Id. (punctuation omitted) (quoting *Buckholts*, 251 Ga. at 61 (1)).

The reasoning in *Corbett* is, we think, fundamentally sound. We previously have characterized a petition to modify a divorce decree as a proceeding separate and distinct from the original divorce proceeding in which the decree was rendered, at least for purposes of the constitutional venue provisions, see *Bugden v. Bugden*, 224 Ga. 517, 518 (162 SE2d 719) (1968), so the filing of a petition to modify a

---

[7] See generally J. E. Leonarz, *Circumstances Under Which One Court Can Punish a Contempt Against Another Court*, 99 ALR2d 1100 (1965).

divorce decree in a court other than the one that rendered the decree does not, strictly speaking, transfer the original divorce proceedings to the court in which the petition to modify is filed. But the subject matter of the original proceedings was the status of the marital relationship and the post-marital obligations that are an incident of that relationship, see *Askew v. Bassett Furniture Co.*, 172 Ga. 700, 701 (6) (158 SE 577) (1931), and in that sense, the filing of a petition to modify in another court does mark an effective transfer of what remains of the subject matter of the original proceedings, namely the post-marital obligations.[8] As the Court of Appeals reasoned in *Corbett*, the jurisdiction to punish contempt of a divorce decree most reasonably is understood to follow the jurisdiction to modify the decree, such that when a court independently acquires the latter by the filing of a proper petition to modify, it also obtains the former.[9] See *Jacob*, 282 Ga. at 53 (distinguishing *Buckholts* and *Corbett* on the ground that, "in both [cases], the trial court was vested with jurisdiction over the modification action independently, i.e., without regard to the accompanying application for contempt").

Here, there is no dispute that the DeKalb County court properly acquired jurisdiction to modify the divorce decree, independent of the contemporaneous motion for contempt. See *Davis v. Davis*, 259 Ga. 151, 151 (377 SE2d 850) (1989). Accordingly, the DeKalb County court also acquired jurisdiction to punish a contempt of the original decree, and it was error for the court to dismiss the motion for contempt. The judgment below is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Divida Gude*, for appellant.
*Alan B. Gordon*, for appellee.

---

[8] The marital relationship itself, having been dissolved by the divorce decree, no longer exists by the time of any modification.

[9] We do not disturb the settled notion that the court that rendered the original decree retains the jurisdiction to enforce that decree by contempt. See *Ogletree*, 223 Ga. at 618, 619 (1). When a petition to modify the original decree is filed in another court, that court and the court that rendered the original decree have concurrent jurisdiction to punish a contempt of the original decree. We note that our decision today is consistent with OCGA § 19-6-26 (e), which provides that "[j]urisdiction within this state to enforce a child support order entered by . . . a court of this state shall be vested concurrently in the court issuing such order [and] the court in the county where the person owing the duty of support may be found," among others.