**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 22, 2013**

# In the Court of Appeals of Georgia

A13A0095. COLBERT v. COLBERT.                    DO-006

DOYLE, Presiding Judge.

Following their divorce in Fulton County, Shenita Colbert ("mother") and Tramaine Colbert ("father") shared joint legal custody of their two minor children, with the mother having primary physical custody. The mother filed a petition for contempt and modification of child support in Clayton County, and the father filed an answer, a counterclaim for modification of custody, and a motion for contempt. The trial court granted the father's motion to modify custody, giving him primary physical custody, required the mother to pay child support, and denied both parties' motions for contempt. The mother appeals, arguing lack of jurisdiction and improper venue with regard to the trial court's rulings on contempt and custody. We affirm, for the reasons that follow.

The record shows that the parties were divorced in Fulton County in June 2007. Pursuant to the decree, the parties shared joint legal custody of their minor children, but the mother had primary physical custody. In July 2010, the mother filed a petition in Clayton County, the father's county of residence, seeking a modification of child support and contempt. The father answered and counterclaimed, requesting a change of custody of the minor children and child support, and a motion for contempt. Following a two-day hearing, the trial court entered an order based "upon evidence submitted [at the hearing]," finding that neither party was in contempt, modifying physical custody of the children from the mother to the father, and ordering the mother to pay child support. This appeal followed.

1. The mother argues that the trial court erred by considering the father's counterclaim for custody. We disagree.

Whether the father could seek a custody modification in the form of a counterclaim in the mother's Clayton County action against him to modify child support and for contempt, as well as whether the mother waived her right to challenge

this procedure, are legal issues.[1] When a question of law is at issue, as here, we review the trial court's decision de novo.[2]

In Georgia, "after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought *as a separate action* in the county of residence of the legal custodian of the child."[3] No custody modification complaint "shall be made: (1) [a]s a counterclaim or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; or (2) [i]n response to any other action or motion seeking to enforce a child custody order."[4]

> [T]he language of OCGA § 19-9-23 is clear[,] unequivocal[,] and . . . mandatory[,] and . . . therefore a counterclaim seeking a change of custody in an action brought by the custodial parent in the county of the noncustodial parent's residence is improper because (1) it is not a

---

[1] See *Bailey v. Bailey*, 283 Ga. App. 361, 362 (641 SE2d 580) (2007).

[2] See *Curtis v. Klimowicz*, 279 Ga. App. 425, 426 (1) (631 SE2d 464) (2006).

[3] (Emphasis supplied.) OCGA § 19-9-23 (a). The Supreme Court of Georgia has explained that "[t]his statute was enacted by the Legislature to curtail the practice [of] allowing the noncustodial parent to relitigate custody in his own jurisdiction." *Kapur v. Roach*, 272 Ga. 767, 768 (534 SE2d 420) (2000).

[4] OCGA § 19-9-23 (c).

3

separate action and (2) it is not brought in the county of the custodial parent's residence.[5]

"The defenses of lack of personal jurisdiction and improper venue[, however,] clearly may be waived, even in child custody cases."[6]

Here, the mother did not file any pretrial written objection to venue or jurisdiction with regard to the father's counterclaim for custody, and because there is no transcript of the bench trial[7] or an authorized substitute,[8] any objection she may have made at trial is not contained in the record on appeal.[9] The mother

bear[s] the burden of showing harmful error on appeal, and [she] must show this by the record, not merely by assertions appearing in [her]

---

[5] (Citations, punctuation, and footnotes omitted.) *Bailey*, 283 Ga. App. at 362-363, citing *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987).

[6] *Daust v. Daust*, 204 Ga. App. 29, 30 (418 SE2d 409) (1992).

[7] The Clerk of the Clayton County Superior Court indicates that there was not a transcript filed in the trial court.

[8] See OCGA § 5-6-41 (g).

[9] The mother argues for the first time in her reply brief on appeal that she was not aware that the trial court was considering modifying custody as to the parties' younger son until after the conclusion of the trial. We note, however, that this assertion was not made in the mother's two post-trial motions in which she objected to venue and jurisdiction with regard to the father's counterclaim for custody modification. In any event, the lack of a transcript requires us to affirm.

briefs or enumerations of error. Therefore, in the absence of a transcript, we must assume the trial court's findings were supported by the evidence and the trial court's actions during the trial were appropriate. Further, a presumption of regularity of all proceedings in a court of competent jurisdiction exists. . . .[10]

Because the record does not show that the mother objected to the trial court's consideration of the father's counterclaim for custody before or during the trial, we must affirm the trial court's ruling on this issue.[11]

2. The mother also argues that the Clayton County Superior Court was without jurisdiction to consider the parties' motions for contempt because the divorce judgment was entered in Fulton County. This argument is without merit.

It has long been the rule in this state, as in other jurisdictions, that an application for contempt must be filed in the court which rendered the order or judgment in question. In divorce cases, this means that, generally speaking, a contempt application must be filed in the superior

_____

[10] (Citation and punctuation omitted.) *West v. Austin*, 274 Ga. App. 729 (618 SE2d 662) (2005).

[11] See, e.g., *Ganny v. Ganny*, 238 Ga. App. 123, 125 (2) (518 SE2d 148) (1999) (mother waived her venue challenge to the father's counterclaim for custody by failing to raise it until closing argument, after evidence was introduced on the issue); *Houston v. Brown*, 212 Ga. App. 834 (443 SE2d 3) (1994) (mother waived challenge to counterclaim for modification of custody by failing to move to dismiss until after the conclusion of the trial and a temporary order was issued).

5

court which entered the divorce decree. The reason for this rule has been set forth succinctly as follows: The theory upon which the right of a court to punish for contempt is, that every court has power to compel obedience to its judgments, orders, and processes. It necessarily follows that only the court offended has power to punish for the contempt or to entertain proceedings to that end.[12]

There is an exception, however, to this rule:

> We find it necessary in the context of divorce and alimony cases to depart from the general rule that a contempt action must be brought in the offended court. We now hold that where a superior court other than the superior court rendering the original divorce decree acquires jurisdiction and venue to modify that decree, it likewise possesses the jurisdiction and venue to entertain a counterclaim alleging the plaintiff is in contempt of the original decree.[13]

Further, "[w]here a nonresident voluntarily institutes a suit in a county in this State[, s]he submits [her]self, for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending."[14]

---

[12] (Punctuation omitted.) *Ford v. Hanna*, ___ Ga. ___, ___ (739 SE2d 309) (2013), quoting *Jacob v. Koslow*, 282 Ga. 51, 52 (644 SE2d 857) (2007).

[13] (Punctuation omitted.) *Ford*, ___ Ga. at ___, citing *Buckholts v. Buckholts*, 251 Ga. 58, 61 (1) (302 SE2d 676) (1983).

[14] *Biddinger v. Fletcher*, 224 Ga. 501, 504 (162 SE2d 414) (1968).

Here, the mother filed a petition to modify child support in Clayton County, where the father resides. She also included a motion for contempt in the same action, and the father filed a counterclaim for contempt. Thus, "there is no dispute that the [Clayton] County court properly acquired jurisdiction to modify the divorce decree, independent of the contemporaneous motion for contempt. Accordingly, the [Clayton] County court also acquired jurisdiction to punish a contempt of the original decree," and the trial court did not err by ruling on the parties' motions for contempt.[15]

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

[15] *Ford*, ___ Ga. at ___. See also *Corbett v. Corbett*, 236 Ga. App. 299, 301-302 (511 SE2d 633) (1999).

7