**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 3, 2022**

# In the Court of Appeals of Georgia

A21A1795. SOUTHERN PIEDMONT LAW, PC v. PIERRE.

MERCIER, Judge.

Southern Piedmont Law, PC ("Southern Piedmont") appeals from the trial court's order requiring Jionel Pierre to pay Southern Piedmont's attorney fees and costs in this action. Although the award was in its favor, Southern Piedmont argues that the trial court erred in allowing Pierre to satisfy the judgment through installments paid over a two-year period. Because the trial court lacked authority to establish a payment plan for Pierre, we vacate that portion of the trial court's ruling and remand for further proceedings.[1]

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving, in part, language in *Hill v. Burnett*, 349 Ga. App. 260 (825 SE2d 617) (2019), as described in Footnote 2, infra.

The record shows that Southern Piedmont represented Pierre's wife in the parties' divorce proceeding, and Pierre represented himself. During the divorce litigation, Pierre objected to Southern Piedmont's use of electronic mail to correspond with him. When Southern Piedmont continued to communicate and serve documents through electronic mail, Pierre sued the firm for malpractice, negligence per se, trespass, and libel.

Southern Piedmont moved to dismiss the complaint and, pursuant to OCGA § 9-15-14, sought an award of attorney fees and costs incurred while defending against litigation it deemed frivolous. The trial court agreed that Pierre's claims could not proceed and dismissed his complaint. Following an evidentiary hearing, it also awarded Southern Piedmont $9,444.92 in costs and attorney fees under OCGA § 9-15-14 (a) and (b). In conjunction with that award, the trial court stated: "[Pierre] shall make a payment of no less than one hundred dollars ($100.00) per month for twenty-four months, with any remaining balance to be paid no later than twenty-four months from the date of this Order."

Southern Piedmont objected to the installment provision, arguing that the trial court could not subject an OCGA § 9-15-14 fee award to a two-year payment plan.

The trial court disagreed, and we granted Southern Piedmont's application for discretionary review.

As mandated by the legislature, an award of attorney fees and costs entered under OCGA § 9-15-14 "shall constitute and be enforceable as a money judgment." OCGA § 9-15-14 (f). Georgia law offers several mechanisms for enforcing and collecting money judgments. A court, for example, may issue a writ of fieri facias ("fi. fa."), which "authoriz[es] sheriffs and their lawful deputies to proceed with levy on real and personal property." *Black v. Black*, 245 Ga. 281, 283 (2) (264 SE2d 216) (1980). After properly recording the fi. fa., a judgment creditor may pursue a lien on the debtor's property. See generally *Synovus Bank v. Kelley*, 309 Ga. 654, 657-658 (1) (847 SE2d 592) (2020); OCGA § 9-12-86 (b). A judgment creditor may also initiate garnishment proceedings to collect a money judgment. See OCGA § 18-4-40.

Southern Piedmont argues that by establishing a two-year installment plan for payment of the fee award, the trial court improperly altered the method for collecting a civil money judgment. We agree. Nothing in OCGA § 9-15-14 permitted the trial court to break Southern Piedmont's judgment into monthly payments and delay final execution of the award for two years. See also Black's Law Dictionary (11th ed. 2019) (defining "money judgment" as "[a] judgment for damages subject to

3

immediate execution, as distinguished from equitable or injunctive relief"). Moreover, Southern Piedmont has little recourse if Pierre fails to make the required payments. As a money judgment, the fee award cannot be enforced through a contempt action. See *McKenna v. Gray*, 263 Ga. 753, 755 (438 SE2d 901) (1994) ("Normally . . . a money judgment may be enforced only by execution thereon, not by contempt proceedings."); *Eden v. Eden*, 344 Ga. App. 864, 866 (1) (812 SE2d 317) (2018) ("[I]n the absence of statutory authority or other extraneous circumstances not present here, contempt is not an available remedy to enforce a money judgment.") (citation and punctuation omitted). And the trial court cited no means by which Southern Piedmont might otherwise compel Pierre to pay the monthly installments as they become due over the next two years.

Describing the payment terms at the fee award hearing, the trial judge noted that an installment plan is "how we do attorney fees in typical divorce litigation." But this is not divorce litigation. Although the parties initially crossed paths in connection with Pierre's divorce, he brought this tort action against Southern Piedmont outside of that proceeding. And we cannot find the trial court's divorce approach proper here. Divorce litigation is unique, with specific procedures and statutory provisions applicable only to that area of the law. See generally *Jacob v. Koslow*, 282 Ga. 51, 52

4

(644 SE2d 857) (2007) (noting the "unique nature of divorce cases"). Unlike fees granted under OCGA § 9-15-14, attorney fees awarded in the domestic relations context are *not* designated as a money judgment and *are* subject to enforcement through a contempt action. See OCGA § 19-6-2 (a) (2); see also OCGA § 19-9-3 (g) (trial court may award attorney fees in child custody action "to be paid by the parties in proportions and at times determined by the judge").

The $9,444.92 award entered against Pierre under OCGA § 9-15-14 is a money judgment that can be collected and enforced like any other money judgment. The trial court erroneously restricted Southern Piedmont's ability to recover the award by imposing a two-year payment plan.[2] Accordingly, we vacate the trial court's order to

---

[2] The trial court cited *Hill v. Burnett*, 349 Ga. App. 260, 266 (3) (825 SE2d 617) (2019), for the proposition that a court may set a deadline for the payment of fees and expenses awarded under OCGA § 9-15-14. In *Hill*, we found no error in the trial court's decision to require a party to pay an attorney fee judgment by a particular date. See id. But because the party assessed with attorney fees — rather than the party seeking to collect the fees — objected to the payment deadline, we did not address how the deadline impacted the party awarded the fees. We found only that the judgment debtor could not object to the judgment based on the deadline. See id. Moreover, although the *Hill* decision does not specify the terms of the deadline at issue there, nothing indicates that the deadline undermined collection of the attorney fee award or converted an immediately-enforceable money judgment into an extended, two-year installment plan. The *Hill* decision does not control our analysis or require a different result here. To the extent, however, that the language in *Hill* could be interpreted as allowing a trial court to delay the enforcement of an award entered under OCGA § 9-15-14 or subject that award to a payment plan, the language

the extent it set forth the payment plan and remand the case for the trial court to enter the award without payment terms.

*Judgment vacated and case remanded. Dillard, P. J., and Pinson, J., concur.*

---

is hereby disapproved.